Asya MELKUMYAN, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 05–74407.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 4, 2006 *.

Filed Dec. 12, 2006.

Shant Jaburian, Law Office of Shant Jaburian, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Catherine C. Pisaturo, U.S. Dept of Justice, Washington, DC, for Respondent.

Before: GOODWIN, LEAVY and FISHER, Circuit Judges.

## MEMORANDUM **

Asya Melkumyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *see Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004), we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination. Melkumyan based her asylum claim, in substantial part, on alleged governmental mistreatment she suffered after agreeing to help a woman investigate the death of the woman's son, who had been serving in the military. Given Melkumyan's inability to name either the woman with whom she made the agreement, or the woman's son, whose death was the basis of the investigation that led to Melkumyan's flight from

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Armenia, the agency properly required Melkumyan to provide corroborating evidence. *See Sidhu v. INS*, 220 F.3d 1085, 1092 (9th Cir.2000) (holding that where IJ has reason to question alien's credibility, alien must provide non-duplicative, easily available corroborating evidence). Accordingly, Melkumyan failed to demonstrate eligibility for asylum and withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir.2003).

Because Melkumyan's CAT claim is based on the same testimony that the agency found not credible, and she points to no other evidence the agency should have considered, her CAT claim also fails. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.